919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

**JENNER&BLOCK** LLP

Richard F. Ziegler
Partner
Tel 212 891-1680
Fax 212 909-0854
rziegler@jenner.com

March 25, 2013

**VIA EMAIL**

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*Re:*   *Chesapeake Energy Co. v. The Bank of N.Y. Mellon Tr. Co., N.A. et ano, 13-CV-1582*

Dear Judge Engelmayer:

On behalf of Plaintiff Chesapeake Energy Corporation ("Chesapeake"), I request that the Court enter the enclosed proposed Protective Order Concerning Privilege Waiver Pursuant to Fed. R. Evid. 502 and Fed. R. Civ. P. 26(c) (the "Privilege Waiver Order").

Chesapeake has agreed to this waiver (subject to entry of the proposed order) to facilitate the Court's and BNY Mellon's understanding of the facts pertinent to an accurate interpretation of the Special Early Redemption provision. In particular, Chesapeake has agreed to waive its attorney-client privilege over all documents and information relating to the drafting, interpretation, meaning, and application of the Special Early Redemption provision at issue in this action. This waiver will allow the Court and BNY Mellon to review communications between Chesapeake and its counsel during the period in February 2012 when the special early redemption right was negotiated and drafted, as well as subsequent communications on that topic when Chesapeake began to consider actually exercising that right.

Before disclosing its privileged information, Chesapeake seeks suitable protection that the scope of its voluntary waiver will not be broadened to encompass unrelated subjects. At last week's status conference, Your Honor indicated willingness to enter an order that provides such protection:

> I would hope that there would be a way to get fulsome discovery on that point that the parties can agree doesn't open doors to other issues that aren't here, and I would be more than happy to the full extent of my authority to enforce a selective waiver here, if that's the relevant vocabulary. Because what I really want to do is get some truth here and I would rather not have counsel feel hamstrung by considerations of broader privilege waivers here.

Tr. Status Conference, Mar. 18, 2013, 33:20–34:2.

Honorable Paul A. Engelmayer
March 25, 2013
Page 2

We provided a proposed order to counsel for Defendant The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon") yesterday morning that is substantially the same as the enclosure, promptly following Chesapeake's decision to waive its attorney-client privilege under the conditions set forth in the enclosed proposed order. We also alerted counsel at that time to the deadline for this submission of 5 p.m. today in paragraph 12 of the Civil Case Management Plan and Scheduling Order ("Case Management Order"). We requested counsel to provide us any comments on the proposed draft order, but as of this writing BNY Mellon has acknowledged receipt of our proposal but has not advised us of its position. Accordingly, in view of the expedited nature of this proceeding and the substantive communications that transpired between counsel yesterday and today on other subjects, we believe we have satisfied the requirement of Rule 26(c), Fed. R. Civ. P., that a movant for a protective order certify that it has "in good faith . . . attempted to confer" with defendant to attempt to resolve the matter "without court action." Because this prospective waiver is relevant to Chesapeake's ongoing document production efforts, we have not waited any longer for Defendant's response, consistent with the deadline set out in the Case Management Order. (The parties have agreed on the terms of a separate confidentiality protective order, and we are submitting a fully-executed stipulation on that subject under separate cover today.)

The Court's authority to issue the proposed Privilege Waiver Order is found in both Rule 502(d) of the Federal Rules of Evidence and Rule 26(c) of the Federal Rules of Civil Procedure. The former permits a court to order that attorney-client privilege "is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding," and the latter broadly empowers a court to issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). Courts in this District have held that these provisions permit the entry of an order limiting the scope of a voluntary privilege waiver. *See S.E.C. v. Bank of Am.*, No. 09 Civ. 6829, 2009 WL 3297493 (S.D.N.Y. Oct. 14, 2009) (Rakoff, J.); *In re MF Global Holdings Ltd.*, Nos. Nos. 11-15059, 11-2790, 2012 WL 769577 (Bankr. S.D.N.Y. Mar. 7, 2012); *see also Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp.*, No. 08 Civ. 684, 2009 WL 464989, at *5 (N.D. Tex. Feb. 23, 2009) (issuing a Rule 502 order in a legal malpractice action that provided that disclosure would not waive privilege with respect to other proceedings).

In *Bank of America*, for example, Judge Rakoff issued a protective order that allowed the defendant to waive attorney-client privilege and work-product protection "regarding certain categories of information material to th[e] case . . . without thereby waiving such privilege and protection regarding other information that may be of interest in related private lawsuits." 2009 WL 3297493, at *1. The court concluded that Rule 502 "permits such cabined waivers." *Id.* Chesapeake seeks an order that, as in *Bank of America*, clarifies that voluntary waiver of privilege as to certain categories of information does not thereby waive privilege as to other categories. The proposed Privilege Waiver Order is modeled on the order that was approved in

*Bank of America*, albeit revised stylistically to address Judge Rakoff's criticism of that stipulated order's prolixity. *See id.*

The proposed scope of the subject matter in the enclosed Privilege Waiver Order satisfies the criteria set by Rule 502 and relevant case law about the appropriate scope of privilege waivers. Rule 502(a) specifies that waiver of attorney-client privilege as to disclosed material will not extend to undisclosed material unless the disclosed and undisclosed materials "concern the same subject matter" and "ought in fairness to be considered together." This provision reflects the longstanding principle that "[c]ourts should simply take care to extend the scope of the waiver only so far as necessary to ensure fairness to the litigants." *Alpex Computer Corp. v. Nintendo Co., Ltd.*, No. 86 Civ. 1749, 1994 WL 330381, at *2 (S.D.N.Y. July 11, 1994); *In re Health Management, Inc.*, No. 96 Civ. 0889, 1999 WL 33594132, at *7 (E.D.N.Y. Sept. 25, 1999) (same). A voluntary waiver as to an expressly defined subject matter will meet this standard except in "unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." Fed. R. Evid. 502, advisory committee note.

The proposed Privilege Waiver Order defines the subject matter of the intended privilege waiver to encompass "the drafting, meaning, interpretation, and/or application" of the entire section 1.7 of the supplemental indenture and extends for documents and information created at any time during the year-long period from the initial work on the offering of the senior notes in February 2012 through the point last month at which Chesapeake's dispute with BNY Mellon materialized. Chesapeake has defined the subject matter in the proposed order in this broad manner to assure that there can be no argument of unfairness. If the proposed order is entered, Chesapeake will be waiving privilege with respect to all attorney-client privileged information that relates to the disputed question in the action in the time period, whether favorable to Chesapeake's position or otherwise.

The limitation of the waiver to the pertinent subject matter is important to Chesapeake because any public offering of securities may involve counsel providing advice on multiple issues pertinent to the offering, including, for example, the scope of due diligence or disclosure of financial information; Chesapeake does not intend by its proposed waiver to be compelled to produce otherwise privileged information that relate to such issues, which are not pertinent to the dispute in the pending action. Chesapeake submits that the proposed Privilege Waiver Order avoids the sort of "selective and misleading presentation of evidence" that Rule 502(a) prohibits, Fed. R. Evid. 502, advisory committee note, and the proposed subject matter scope therefore satisfies the fairness requirement that waiver be extended "only so far as necessary to ensure fairness to the litigants." *Alpex Computer Corp.*, 1994 WL 330381, at *2.

The proposed Privilege Waiver Order makes clear in the second sentence of paragraph 3 that Chesapeake's waiver of the attorney-client privilege does not affect its right to invoke work product protection over material created in anticipation of litigation regardless of subject matter. This provision is supported by authority. *See, e.g., Brock Equities, Ltd. v. Josephthal, Lyon &*

Honorable Paul A. Engelmayer
March 25, 2013
Page 4

*Ross, Inc.*, No. 92 Civ. 8588, 1993 WL 350026, at *1 (S.D.N.Y. Sept. 9, 1993) ("The waiver of attorney-client privilege by [plaintiff], to the extent there was one, was only as to information regarding its counsel's actions in representing [plaintiff] in the transactions themselves and the surrounding circumstances, and does not go so far as to include communications with its attorneys regarding preparation for litigation as a result of those events."); *Alpex Computer Corp.*, 1994 WL 330381, at *2 (quoting *In re Martin Marietta Corp.*, 856 F.2d 619, 625 (4th Cir. 1988)) ("[W]hen there is subject matter waiver, it should not extend to opinion work product.").

      Because the dispute with BNY Mellon began to materialize on February 22, 2013, we have limited the date range of the proposed waiver to the period ending immediately before that date. Beginning on that date, privileged communications concerning the special early redemption provisions of the 2019 Notes are highly likely also to be protected by the work product doctrine, so the date range of the waiver reflects Chesapeake's decision to waive its attorney-client privilege but not the work product protection.

      Finally, the last paragraph of the proposed Privilege Waiver Order does not pertain to Chesapeake's waiver of attorney-client privilege over the defined subject matter, but instead is a more routine exercise of the Court's authority under Rule 502(d), Fed. R. Evid., to facilitate document discovery by providing that disclosure of any privileged or protected information by any party or non-party in this action will not constitute a waiver. This provision is included within the proposed order to facilitate party and non-party document productions on the expedited schedule set in the Case Management Order.

      For the foregoing reasons, Chesapeake respectfully requests that the Court enter the enclosed proposed Privilege Waiver Order.

Respectfully submitted,

*/s/ Richard F. Ziegler*

Richard F. Ziegler

RFZ:mrm

Enclosure

cc: Steven M. Bierman, Esq.
     Counsel for Intervenor-Defendants and Defendant BNY Mellon

    Paul T. Weinstein, Esq.
    Counsel for Defendant BNY Mellon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                        :

CHESAPEAKE ENERGY CORPORATION,  :
            Plaintiff,           :
                               :        Case No. 1:13-cv-1582-PAE
     v.                         :
                               :        **[PROPOSED] PROTECTIVE**
THE BANK OF NEW YORK MELLON TRUST:     **ORDER CONCERNING**
COMPANY, N.A.,                         :        **PRIVILEGE WAIVER**
                               :        **PURSUANT TO FED. R. EVID.**
           Defendant,          :        **502 AND FED. R. CIV. P. 26(C)**
                               :
INTERVENOR AD HOC NOTEHOLDER GROUP,  :
                               :
           Intervenor-Defendant,  :
                               :
---------------------------------------------------------------x

       IT IS HEREBY ORDERED pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, upon the application of Plaintiff Chesapeake Energy Corporation ("Chesapeake"), as follows:

       1.      Plaintiff Chesapeake Energy Corporation ("Chesapeake") has expressed its willingness, subject to the entry by the Court of this Protective Order Concerning Privilege Waiver, to (a) waive the attorney-client privilege in this action with respect to, and (b) to not withhold documents responsive to document requests served in this action on the basis of the attorney-client privilege to the extent such privileged documents relate to, a Subject Matter defined as the drafting, meaning, interpretation, and/or application of section 1.7 of the Ninth Supplemental Indenture dated February 16, 2012 between, among others, Chesapeake as Issuer and BNY Mellon as Trustee with respect

to the 6.775% Senior Notes due 2019 ("2019 Notes"), provided such attorney-client privileged information was generated starting February 8, 2012 (the date that Chesapeake represents it first began the process that led to the issuance of the 2019 Notes) through February 21, 2013 (the last date before which Chesapeake represents that the pending dispute with BNY Mellon first began to materialize).

2. The scope of the Subject Matter as described above is fair, relevant to the matters in dispute in this action, and sufficiently broad that Chesapeake need not in fairness disclose other potentially relevant but privileged information that does not fall within the Subject Matter. Accordingly, Chesapeake may decline to produce such other privileged information and, to the extent privileged information outside the Subject Matter appears within documents that also include privileged information relating to the Subject Matter, such documents may be produced in redacted form to exclude production of the privileged information that is outside the Subject Matter.

3. Chesapeake shall be deemed to have waived the attorney-client privilege solely with respect to documents, communications, and information relating to the Subject Matter and not with respect to any other documents, communications, or information that are protected from disclosure by the attorney-client privilege. This waiver applies only to the attorney-client privilege and not to the work product doctrine, which Chesapeake may rely upon to withhold from production documents and information that meet the criteria of that doctrine regardless of subject matter.

4. This Protective Order Concerning Waiver does not affect the invocation of attorney-client privilege with respect to the Subject Matter by any party or person other than Chesapeake.

5. This Protective Order Concerning Waiver is binding in all other proceedings to which Chesapeake now or hereafter becomes a party to the full extent authorized by Rule 502, Fed. R. Evid. and Rule 26(c), Fed. R. Civ. P.

6. Other than the knowing and voluntary disclosure by Chesapeake of attorney-client privileged information relating to the Subject Matter as described above, the disclosure in this action by any party or non-party of any documents or information protected from disclosure by the attorney-client privilege or the work product doctrine shall not waive such privilege or protection pursuant to Rule 502(d), Fed. R. Evid., and such disclosure shall also not constitute a waiver in any other Federal or State proceeding.

**SO ORDERED.**

                                                                                    _____
                                                                                    Paul A. Engelmayer
                                                                                    United States District Court Judge

Dated: March __, 2013
            New York, New York