

**SIDLEY**

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>(212) 839 5300<br>(212) 839 5599 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>HOUSTON<br>LONDON | LOS ANGELES<br>NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |

sblerman@sidley.com
(212) 839 5510

FOUNDED 1866

March 26, 2013

**BY EMAIL**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*MEMO ENDORSED*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/13

Re:   *Chesapeake Energy Corporation v. The Bank of New York Mellon Trust Company, N.A.*, No. 13 CV 1582 (PAE)

Dear Judge Engelmayer:

We represent defendant The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon") in this action and write in very brief response to the letter and proposed order concerning privilege waiver submitted by Plaintiff's counsel yesterday. BNY Mellon does not object to entry of the proposed order, subject to one requested addition and one reservation, set forth below.

First, BNY Mellon respectfully requests that the proposed order confirm that all objections to admissibility be preserved. Without arguing the matter here, we anticipate that questions will arise regarding whether the previously undisclosed communications between Plaintiff and its counsel will be admissible.

Second, to date, Plaintiff has produced fewer than 85 non-privileged documents altogether, and BNY Mellon is not yet in a position to assess whether the date restrictions that Plaintiff seeks to impose with respect to its subject-matter waiver (February 8, 2012 until February 22, 2013) are appropriate. For this reason, BNY Mellon reserves all rights to assert

# SIDLEY
SIDLEY AUSTIN LLP

Hon. Paul A. Engelmayer
March 26, 2013
Page 2

that the subject-matter waiver should be applied earlier and/or later in time based on discovery.

Respectfully submitted,

*Steven M. Bierman*

Steven M. Bierman

cc:   Counsel of Record (*by email*)

---

The Court has signed the proposed order concerning privilege waiver. The Court notes that Chesapeake does not object to the two points raised in Mr. Bierman's letter. The Court accordingly (1) confirms that all objections to the admissibility of the communications in question are preserved, and (2) recognizes BNY Mellon's reservation of its right to assert that the dates of the subject-matter waiver should be broadened. The Court appreciates counsels' constructive approach to the privilege issue and will benefit by having access to the communications covered by the privilege waiver.

3/27/13

SO ORDERED:

Paul A. Engelmayer

HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE