919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

JENNER&BLOCK LLP

March 27, 2013

Richard F. Ziegler
Partner
Tel 212 891-1680
Fax 212 909-0854
rziegler@jenner.com

**VIA EMAIL**

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Chesapeake Energy Corporation v. The Bank of N.Y. Mellon Tr. Co., N.A. et ano*, 13-CV-1582

Dear Judge Engelmayer:

On behalf of Plaintiff Chesapeake Energy Co. ("Chesapeake"), this letter responds to the Intervenor Ad Hoc Noteholder Group's Motion to Withdraw, ECF No. 41-42, as provided by Order of the Court on March 25, ECF No. 45.

Chesapeake does not object to the defendant-intervenors' request to be dropped as parties but respectfully requests that the Court condition any order granting the motion on a term that they will not pursue any litigation on the subject matter of this action in any other forum. Defendant-intervenors have rejected providing any commitment concerning forum-shopping except to report that they will not litigate the pending declaratory relief claims elsewhere.

Background

This issue arises because counsel (Mr. Bierman) for the defendant-intervenors raised at the status conference on March 19 before Your Honor the specter of his clients asserting counterclaims in this action:

> And we are looking at the potential of one or more counterclaims.
> I can't not speak to that right now, whether there will in fact be one
> or more counterclaims and whether the nature of such
> counterclaims would be appropriate for a jury trial as opposed to a
> bench trial.

(Tr. 60:1-5).

At the same status conference, the Court ordered that any additional noteholders who wished to intervene as defendants should do so by March 22, 2013. Mar. 19, 2013 Hearing Tr., at 10:10-13. Instead of additional noteholders intervening on that deadline, however, the current defendant-intervenor noteholders informed Chesapeake and the Court that all of them intended to withdraw from the case and that their counsel, Sidley Austin LLP, would become co-counsel for BNY Mellon. *See* Letter dated Mar. 22, 2013, ECF No. 40.

Having chosen to intervene in this matter, it is inappropriate for intervenors to withdraw but nonetheless reserve a purported right to assert claims arising from the identical subject matter against Chesapeake in some other court. As more fully discussed below, Chesapeake submits that the "just terms" under which the defendant-intervenors may be dropped from this action under Rule 21, Fed. R. Civ. P., should include a requirement that they will not burden the plaintiff or the judicial system with forum-shopping.

Separately, the defendant-intervenors have clarified for Chesapeake that they will not require service of subpoenas to replace the document requests to which they are already subject, and they will not assert that otherwise appropriate discovery from them will be inappropriate because they have become non-parties. On the basis of that commitment Chesapeake is not requesting the imposition of a discovery-related condition in the Court's order dropping the defendant-intervenors as parties. *See, e.g., Jerry Vogel Music Co. v. Edward B. Marks Music*, No. 82 Civ. 6511–CSH, 1985 WL 3392 at *8 (S.D.N.Y. Oct. 23, 1985) (ordering withdrawing defendant to "participat[e] fully in discovery proceedings and . . . mak[e] its documents and witnesses freely available"); *Emp'rs Ins. of Wausau v. Paine, Webber, Jackson & Curtis, Inc.*, 1982 U.S. Dist. LEXIS 14886 at *5 (S.D.N.Y. Aug. 24, 1982) (plaintiff's dismissal under rule 41(a)(2), Fed. R. Civ. P., conditioned "on making available witnesses and documents under its control on notice for pre-trial discovery and for trial"); *Mashek v. Silberstein*, 20 F.R.D. 421 (S.D.N.Y. 1957) (granting motion of one of three plaintiffs to withdraw "but only upon condition that he submit to the taking of his deposition pursuant to the notice previously served").

Argument

The defendant-intervenors' withdrawal motion is made pursuant to Rule 21, which authorizes the Court to "drop" parties "at any time on just terms." Fed R. Civ. P. 21. The defendant-intervenors stress in their motion papers that their proposed withdrawal will not prejudice any party and will promote judicial efficiency. *See* Mem. Supp. Mot. to Withdraw dated Mar. 25, 2013, ECF No. 41-42, at 3. An important issue arises, however, because the withdrawing defendant-intervenors are seeking to preserve the possibility of pursuing litigation against Chesapeake on the subject matter of this action in some other forum. That conduct, were it to occur, would necessarily undermine judicial efficiency and unfairly burden Chesapeake. Consequently, Chesapeake submits that the Court should fashion "just terms" that protect Chesapeake and the Court from needless multiplication of actions. *See In re Merrill Lynch &*

*Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154 (S.D.N.Y. 2003) (Rule 21 permits dismissal when it will "serve the ends of justice and further the prompt and efficient disposition of the litigation"); *Jerry Vogel Music*, 1985 WL 3392, at *8 (noting court's "inherent supervisory powers and [its] power to impose conditions on [defendant's] dismissal in order to protect against possible prejudice"); *EQT Gathering, LLC v. A Tract of Property Situated in Knott County, Ky.*, No. 12-58-ART, 2012 WL 3644968, at *3-4 (E.D. Ky. Aug. 24, 2012) (observing that Rule 21 "gives the other parties a chance to object to or request conditions on dismissal").

At the outset, Chesapeake notes that it is highly unlikely that the defendant-intervenors would ever have a legitimate basis to assert any claims on the subject matter of the pending action against Chesapeake in any forum. Chesapeake initiated this litigation to adjudicate its rights under the Supplemental Indenture, and it will comply with the Court's determination; it is therefore difficult to understand the nature of the defendant-intervenors' "potential... counterclaims" against Chesapeake. Just as Chesapeake will be bound by this Court's adjudication of its contractual rights, so too will all noteholders be bound by that adjudication, including the withdrawing defendant-intervenors. *See, e.g., FDIC v. Bank of New York*, 479 F. Supp. 2d 1, 28 (D.D.C. 2007) ("Here, because BNY represents the Noteholders as indenture trustee, the Noteholders will be bound by this Court's decision...."); *King v. Franmor Equity Corp.*, 20 N.Y.S.2d 909, 912 (1st Dep't 1940) ("[A] judgment entered . . . against the trustee is binding upon all the bondholders as to all issues presented."); *Watson v. Chicago, R.I. & P.R. Co.*, 155 N.Y.S. 808, 815 (1st Dep't 1915) ("The trustee, the plaintiff in that action, stood in the place and stead of all the bondholders."); *see generally Kersh Lake Drainage Dist. v. Johnson*, 309 U.S. 485, 491 (1940) ("bondholders are not necessary parties to and are bound by the decree – even if adverse to their interests – in litigation wherein an indenture trustee under a bond issue is a party and exercises in good faith and without neglect his contractual authority to represent and assert the lien securing the issue").

Nonetheless, since the defendant-intervenors have refused to provide any assurance that they will not assert some unspecified claims on the same subject matter in another forum, it appears "just" for the Court to impose such an assurance as a condition of their withdrawal from the action. Such a condition will avoid the possibility, however remote, of pointless duplication of effort and protect the judicial system from needless burden. Although our research to date has not identified the imposition of such a condition for the dropping of a party under Rule 21 -- presumably because withdrawing parties typically do not purport to reserve any such right -- courts have imposed conditions against forum-shopping in the analogous context of dismissals by plaintiffs under Rule 41. *See, e.g., Johnson v. Dollar Tree Stores, Inc.*, No. 2:11–cv–4217–NKL, 2011 WL 6339830, at *2 (W.D. Mo. 2011) (granting motion for voluntary dismissal "on the condition that [Plaintiff] does not ever file a federal discrimination claim based on the same conduct alleged in his complaint"); *Milanes v. Holder*, 264 F.R.D. 1, 6 n.3 (D.D.C. 2009) (transferring new action to different district that had conditioned voluntary dismissal "on a procedure designed to avoid 'judge shopping'"; the underlying Order had made dismissal

Honorable Paul A. Engelmayer
March 27, 2013
Page 4

conditional "on the fact that if a refiling is made in this district, the new case will be consolidated with this original docket to avoid judge shopping." Order, *Milanes v. Rodriguez-Velez*, No. 09-1108 (JAF) (D.P.R. Apr. 23, 2009)); *Versa Prods., Inc. v. Home Depot, USA, Inc.*, No. 1:04–CV–1202–MHS, 2004 WL 5544746, at *2 (N.D. Ga. 2004) (granting plaintiffs' motion for voluntary dismissal on the condition that, *inter alia*, "if plaintiffs elect to refile this case, it must be filed in this Court"); *see generally, Reynolds v. OneWest Bank, FSB*, No. 5:11–cv–81, at *4 (D.Vt. 2011) (noting that "[a]ny prejudice caused by forum shopping may be addressed through the imposition of conditions to dismissal rather than by forcing Plaintiff to proceed with a lawsuit she wishes to dismiss.")

Regrettably, it appears that litigation involving indenture trustees is not immune from forum-shopping. In *FDIC v. Bank of New York, supra*, the Bank of New York ("BNY"), as indenture trustee, had been litigating with the FDIC for more than three years in the federal court in the District of Columbia the consequences for noteholders of the FDIC's receivership of an issuer for which BNY was acting as the indenture trustee. While that action was still pending, BNY chose to bring a new action in state court in New York on the same subject matter. BNY did so at the urging of a group of noteholders. The FDIC removed BNY's new state court action to this Court, which, per Judge Haight, stayed the new action in favor of continued litigation in the District Court in Washington. 479 F. Supp. 2d at 1, 7-10.

A condition of the sort Chesapeake requests is all the more reasonable since in filing suit in this District, Chesapeake chose a venue that is not geographically convenient for it but that is convenient for many or all of the defendant-intervenors. Accordingly, Chesapeake respectfully requests that the Court condition the intervenor-defendants' motion to be dropped under Rule 21 on the "just term" that they not pursue any litigation against Chesapeake on the subject matter of the pending action except in this Court.

Respectfully submitted,

Richard F. Ziegler

cc:   Steven M. Bierman, Esq.
      Counsel for Intervenor-Defendants and Defendant BNY Mellon

      Paul T. Weinstein, Esq.
      Counsel for Defendant BNY Mellon