919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

JENNER & BLOCK LLP

April 18, 2013

Richard F. Ziegler
Tel  212 891-1680
Fax 212 909-0854
rziegler@jenner.com

**VIA EMAIL**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York

Thurgood Marshall United States Courthouse

40 Foley Square

New York, NY  10007

Re:  *Chesapeake Energy Corporation v. The Bank of New York Mellon Trust Company, N.A., No. 13-CV-1582 (PAE)*

Dear Judge Engelmayer:

In response to the letter we received this evening from BNY Mellon's counsel requesting an order that Chesapeake provide all of its final confidentiality designations by the close of business tomorrow, I write to advise the Court that BNY Mellon's concern that it may be obligated to file under seal its pre-trial memorandum due this Sunday is ill-founded.

As we advised BNY Mellon's counsel this afternoon, our client is working diligently right now to complete the work necessary to make appropriate de-designations of confidential information for trial purposes, and that we are endeavoring to complete that process on Sunday.  As an important first step, we advised that we would identify for BNY Mellon by approximately 4 pm tomorrow (Friday, April 19) those documents marked as deposition exhibits (which are the significant subset of the documents produced) for which Chesapeake will seek continued confidentiality protection.  We also reported that we expected the continuing designations to affect only a small number of documents, and that we expect to specify any continuing confidentiality designations for deposition transcripts on Sunday.

Consequently, BNY Mellon should not be obligated to file its pre-trial brief on Sunday evening under seal unless it insists on including in its brief the content of the small number of documents that contain highly sensitive financial information of Chesapeake,

Honorable Paul A. Engelmayer
April 18, 2013
Page 2

such as internal cash flow and other financial forecasts, for which Chesapeake will seek continued confidentiality protection. None of such information is relevant to the meaning of the disputed contractual provision at issue in the pending action.

In view of the press of both document and deposition discovery – by Saturday's deposition discovery deadline the parties will have taken 19 depositions (most noticed by BNY Mellon), with five depositions having been conducted yesterday alone and four today, and two more taking place on each of Friday and Saturday -- Chesapeake has been unable as a practical matter to take the time required to assess confidentiality designations in detail, but has been guided by the fact that the large majority of the documents it produced and about which BNY Mellon has chosen to examine its witnesses contain non-public and sensitive business information. BNY Mellon has not explained how it could be prejudiced by Chesapeake's confidentiality designations to date, nor by Chesapeake's plan to complete its de-designation process on Sunday.

Since the arbitrary deadline BNY Mellon's letter requests the Court to impose would not provide any apparent material benefit for BNY Mellon but would unnecessarily burden Chesapeake's substantive trial preparations, we request that the Court deny BNY Mellon's request.

We regret that the Court has been burdened with this administrative matter.

Respectfully submitted,

Richard F. Ziegler

Cc:   Steven M. Bierman, Esq. (Counsel for Defendant BNY Mellon)
      Paul T. Weinstein, Esq. (Counsel for Defendant BNY Mellon)

84765.1