UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
                                                                        :
CHESAPEAKE ENERGY CORPORATION,                                          :
                                                                        :
                           Plaintiff,                                   :    Civil Action No. 13-cv-1582 (PAE)
                                                                        :
              v.                                                        :
                                                                        :
THE BANK OF NEW YORK MELLON                                             :    ECF Case
TRUST COMPANY, N.A.,                                                    :
                                                                        :
                           Defendant.                                   :
                                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X


**MEMORANDUM OF LAW OF DEFENDANT
THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.
<u>REGARDING ADMISSION OF CERTAIN DEPOSITION DESIGNATIONS</u>**

## **Table of Contents**

    **Page**

Preliminary Statement ............................................................................................................1

Argument .................................................................................................................................2

    A.    Rule 32(a)(3) Authorizes BNY Mellon to Use Adverse Party Depositions for "Any Purpose" Irrespective of Whether the Witnesses Testified at Trial…..................................................................................................................2

    B.    The Telle Designations Should be Admitted into Evidence as Party Admissions Against Chesapeake's Interest ..............................................................5

    C.    Chesapeake's Request to Designate Portions of Expert Witness Dr. Tuckman's Deposition Should Be Denied................................................................7

Conclusion ............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bensen v. Am. Ultramar Ltd.*,
No. 92 Civ. 4420 (KMW) (NRB), 1996 WL 422262 (S.D.N.Y. July 29, 1996)........................6

*Carpenter v. Forest Meadows Owners Ass'n*,
No. 09-cv-01918-JLT, 2011 WL 3207778 ........................................................................6

*Community Counseling Serv., Inc. v. Reilly*,
317 F.2d 239 (4th Cir. 1963) ..........................................................................................2, 3

*Coughlin v. Capitol Cement Co.*,
571 F.2d 290 (5th Cir. 1978) ..............................................................................................3

*Creative Consumer Concepts, Inc. v. Kreisler*,
563 F.3d 1070 (10th Cir. 2009) ..........................................................................................2

*Eastman Kodak Co. v. Agfa-Gevaert N.V.*,
560 F. Supp. 2d 227 (W.D.N.Y. 2008)...........................................................................5, 6

*Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*,
No. C 11-4026-MWB, 2013 WL 1248675 (N.D. Iowa Mar. 14, 2013)...................................3

*George v. Celotex Corp.*,
914 F.2d 26 (2d Cir. 1990)..................................................................................................5

*Hydrolevel Corp. v. American Soc'y of Mech. Engineers, Inc.*,
635 F.2d 118 (2d Cir. 1980)................................................................................................8

*In re Ms. Interpret*,
222 B.R. 409 (Bankr. S.D.N.Y. 1998)...........................................................................5, 6

*Kreppel v. Guttman Breast Diagnostic Inst., Inc.*,
95 Civ. 10830 (SWK) (MHD), 1999 WL 1243891(S.D.N.Y. Dec. 21, 1999)..........................8

*Long Island Sav. Bank, FSB v. United States*,
63 Fed. Cl. 157 (Ct. Fed. Cl. 2004) ......................................................................................3

*Munich Reinsurance Am., Inc. v. American Nat. Ins. Co.*,
893 F. Supp. 2d 686 (D.N.J. 2012) ......................................................................................9

*Nichols v. American Risk Management*,
2000 WL 97282 (S.D.N.Y. Jan. 28, 2000) ............................................................................8

*Patsy's Italian Rest. v. Anthony Banas d/b/a Patsy's*,
    508 F. Supp. 2d 194 (E.D.N.Y. 2007) ................................................................................3

*Redd v. N.Y. State Div. of Parole*,
    No. 07-CV-120 (NGG)(LB), 2013 WL 588233 (E.D.N.Y. Jan. 24, 2013) ..........................2, 3

*SanDisk Corp. v. Kingston Tech. Co., Inc.*,
    863 F. Supp. 2d 815 (W.D. Wis. 2012) .............................................................................3

*Stanphill v. Health Care Service Corp.*,
    No. Civ. 06-985, 2008 WL 3927468 (W.D. Okla. Aug. 20, 2008) ...........................................6

*United States v. Margiotta*,
    662 F.2d 131 (2d Cir. 1981)..............................................................................................6

*Zaken v. Boerer*,
    964 F.2d 1319 (2d Cir. 1992)........................................................................................5, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 30(b)(6)................................................................................................2, 3

Fed. R. Civ. P. 32 ......................................................................................................... *passim*

Fed. R. Evid. 403 .................................................................................................................5

Fed. R. Evid. 801 ......................................................................................................... *passim*

Defendant The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon") respectfully submits this memorandum of law, pursuant to the Court's request at trial on April 25, 2013 (Trial Transcript ("T. Tr.") at 460-61), for additional briefing in connection with the submission into evidence of deposition designations of witnesses who testified at trial.

## Preliminary Statement

BNY Mellon requests that the Court admit its deposition designations of Messrs. Chambers, Dell'Osso, and Telle into evidence as party admissions, and deny Chesapeake's request to admit the deposition designations of Dr. Tuckman into evidence.

Under Rule 32(a)(3) of the Federal Rules of Civil Procedure and well-established precedent, the deposition designations of Messrs. Chambers and Dell'Osso, who are officers of Chesapeake, constitute party admissions of Chesapeake that may be used by BNY Mellon for any purpose in court proceedings, and the mere fact that such witnesses testified live at trial has no effect on the admissibility of their prior testimony.  Additionally, as Chesapeake's counsel on the underlying transaction and as its affirmative witness, Mr. Telle is Chesapeake's agent.  The designated portions of his deposition may also be submitted by BNY Mellon against Chesapeake as party admissions, regardless of his availability and testimony at trial, pursuant to Rule 32(a)(1), Rule 801(d)(2) of the Federal Rules of Evidence, and applicable case law.

The limited designations submitted by BNY Mellon are not cumulative of the trial testimony from these witnesses, but rather supplement the testimony.  In light of the extremely limited period of time permitted for discovery and trial preparation, BNY Mellon should be permitted to submit into evidence plainly relevant admissions of Plaintiff's management and its counsel, particularly where there is no dispute regarding the admissibility of such evidence under Rule 32.

1

By contrast, Chesapeake's request to designate deposition testimony of BNY Mellon's expert, Dr. Tuckman, should be denied. He is not a party witness and testified live at trial.[1]

## Argument

A.  **Rule 32(a)(3) Authorizes BNY Mellon to Use Adverse Party Depositions for "Any Purpose" Irrespective of Whether the Witnesses Testified at Trial**

Rule 32(a)(3) of the Federal Rules of Civil Procedure provides broadly that an "adverse party" such as BNY Mellon "may use *for any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3) (emphasis added). This rule is "liberally construed." *Redd v. N.Y. State Div. of Parole*, No. 07-CV-120 (NGG)(LB), 2013 WL 588233, at *12 (E.D.N.Y. Jan. 24, 2013) (citation and quotation marks omitted). "It has been consistently held that the Rule permits a party to introduce, as part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there." *Community Counseling Serv., Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963); *see also Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (admitting defendant's deposition testimony because "neither Rule 801(d)(2) nor Rule 32(a)(1) require a showing of unavailability for admissions of party-opponents"). Thus, although a court retains "'discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, it may not refuse to allow the deposition to be used merely because the party is available to testify in person.'" *Redd*, 2013 WL 588233, at *12

---

[1] This brief includes BNY Mellon's opposition to Chesapeake's application to designate deposition testimony from Dr. Tuckman, addressing each of the decisions cited by Chesapeake's counsel on the record in its application in open court (T. Tr. 469:16-470:5).

2

(quoting *N. Ins. Co. of N.Y. v. Albin Mfg., Inc.*, No. 06-CV-190 (S), 2008 WL 3285852, at *3 n.4 (D.R.I. Aug. 8, 2008)).[2]

It is therefore well settled that Rule 32(a)(3) "permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial." *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978). "Thus applied, the Rule is a restatement of the long recognized rule of evidence that statements of a party which are inconsistent with his claim in litigation are substantively admissible against him." *Community Counseling Serv.*, 317 F.2d at 243. The Rule further recognizes that the "common law's preference for live testimony *has no bearing on the use of party admissions as evidence*." *Long Island Sav. Bank, FSB v. United States*, 63 Fed. Cl. 157, 162-63 (Ct. Fed. Cl. 2004) (emphasis added).

Because Chambers and Dell'Osso are the Vice-President/Assistant Treasurer and CFO of Chesapeake, respectively, BNY Mellon may use their deposition testimony to introduce evidence of admissions by Chesapeake, and the Court should not exclude those admissions because the two witnesses also testified at trial. *Redd*, 2013 WL 588233, at *12. As detailed

---

[2] *See also, e.g., Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, No. C 11-4026-MWB, 2013 WL 1248675, at *8-9 (N.D. Iowa Mar. 14, 2013) (stating that because Rule 32(a)(3) authorized plaintiffs' use of Rule 30(b)(6) designee's deposition "in their case-in-chief," court "may not refuse to allow the deposition to be used merely because the party is available to testify in person") (internal quotation marks and citation omitted); *SanDisk Corp. v. Kingston Tech. Co., Inc.*, 863 F. Supp. 2d 815, 817-18 (W.D. Wis. 2012) (overruling objections to submission of depositions in bench trial of witnesses who were available or testified live at trial, because "these individuals were officers and designees under Fed. R. Civ. P. 30(b)(6), which means that under Rule 32(a)(3) an adverse party may use their deposition testimony for any purpose, regardless of their availability") (citing *Fey v. Walston & Co.*, 493 F.2d 1036, 1046 (7th Cir. 1974)); *Patsy's Italian Rest. v. Anthony Banas d/b/a Patsy's*, 508 F. Supp. 2d 194, 200 n.3 (E.D.N.Y. 2007) (Rule 32(a)(3) "allows a party to introduce the deposition of an adversary's officers, regardless of their availability at trial").

below, the designations reflect targeted (and limited) information that supplements the trial record.

**Mr. Dell'Osso**

- Dep. Tr. 15:22-16:12 (Mr. Dell'Osso explaining that Elliot Chambers and Jennifer Grigsby worked with him on structuring of the 2019 issuance);

- Dep. Tr. 19:13-23 (Mr. Dell'Osso had no direct involvement with documentation of the 2019 Notes themselves);

- Dep. Tr. 40:22-41:4 (Mr. Dell'Osso was aware that investors in Chesapeake debt securities would rely on road show slides);

- Dep. Tr. 95:15-96:14 (Mr. Dell'Osso has no recollection of reason for language regarding notice of redemption being added to the draft supplemental prospectus);

- Dep. Tr. 171:18-23 (Mr. Dell'Osso has no recollection of conversations with any underwriter regarding the meaning and application of Section 1.7 of the Supplemental Indenture);

- Dep. Tr. 233:19-234:10 (Mr. Dell'Osso did not take issue with statement by Elliot Chambers in January 13, 2013 email that "what might not be clear is that the March 15th date is a notice date"); and

- Dep. Tr. 235:22-236:12 (Chesapeake delayed providing notice of redemption because it wanted first to file Form 10-K and then complete new issuance).

**Mr. Chambers**

- Dep. Tr. 108:10-19 (Mr. Chambers has no recollection of whether his view of redemption provision changed based on anything other than two provisions cited by Caleb Morgret in January 9 email and the email from Erica Hogan at the Bracewell firm);

- Dep. Tr. 124:14-18 (Mr. Chambers has no recollection of anything anyone from Bracewell said orally or in writing relating to the drafting process of the prospectus supplement);

- Dep. Tr. 157:22-158:2 (Mr. Chambers wanted to make sure that the par call option for the 2019 notes was included in Chesapeake's first quarter 10-Q for 2012);

- Dep. Tr. 160:8-19 (Mr. Chambers had an allegedly "incorrect understanding" up until January 9, 2013); and

- Dep. Tr. 164:2-166:19 (authenticating presentation to board that stated that notice "can be given now through 3/15 with actual repayment 30 to 60 days afterwards" and explaining that this information was "a pretty important thing to spell out").

These designations briefly set forth additional admissions of Messrs. Dell'Osso and Chambers. There is no dispute that these admissions are relevant, and they are admissible under Rule 32(a)(3). Further, in fairness, given the extremely accelerated pace of this case, and the record adduced by the parties in an extraordinarily compressed time frame, it cannot seriously be argued that the probative value of these admissible statements is "substantially outweighed" by a charge of prejudice or confusion. *See, e.g.*, *Zaken v. Boerer*, 964 F.2d 1319, 1323 (2d Cir. 1992) (abuse of discretion to exclude deposition testimony of employee under Fed. R. Evid. 403 where probative value was not "substantially outweighed" by alleged "needless presentation of repetitious proof"); *see also generally George v. Celotex Corp.*, 914 F.2d 26, 30-31 (2d Cir. 1990) (refusing to exclude evidence, explaining that Fed. R. Evid. 403 is "an extraordinary remedy that must be used sparingly.").

### B. The Telle Designations Should be Admitted into Evidence as Party Admissions Against Chesapeake's Interest

Rule 32(a)(1) provides in part that "all or part of a deposition may be used against a party" to "the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying," Fed. R. Civ. P. 32(a)(1)(B), including the admissions of a party-opponent through the agency exceptions to the hearsay rule under Federal Rule of Evidence Rule 801(d)(2). *See Eastman Kodak Co. v. Agfa-Gevaert N.V.*, 560 F. Supp. 2d 227, 311-12 (W.D.N.Y. 2008); *In re Ms. Interpret*, 222 B.R. 409, 417 & n.6 (Bankr. S.D.N.Y. 1998). "This provision permits the substantive admission of depositions which fall within the ambit

5

of Fed. R. Evid. 801(d)(2) irrespective of whether the deponent is available to testify at trial." *Eastman Kodak*, 560 F. Supp. 2d at 311.[3]

In the Second Circuit, statements "made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney." *United States v. Margiotta*, 662 F.2d 131, 142 (2d Cir. 1981) (citing Fed. R. Evid. 801(d)). Specifically, statements from a party's lawyer "may be admissible as party admissions if: (1) the attorney is shown to be the party's agent with regard to the making of the statement; (2) the statements concern a matter within the attorney's employment; or (3) the statements are adopted by the party." *Bensen v. Am. Ultramar Ltd.*, No. 92 Civ. 4420 (KMW) (NRB), 1996 WL 422262, at *9 (S.D.N.Y. July 29, 1996) (citations and emphasis omitted). Courts applying these provisions of Rule 801(d) have thus held that deposition testimony from a party's counsel may be submitted by an adversary as a party admission. *See, e.g., In re Ms. Interpret*, 222 B.R. at 417 & 417 n.6 (admitting deposition testimony of counsel for defendant in adversary proceeding "as an admission of a party" pursuant to Fed. R. Evid. 801(d) where counsel had "broad authority" to represent).

As detailed below, the designations reflect targeted (and limited) information that supplements the trial record.

---

[3] The requirement of Rule 32(a)(1)(C) is also satisfied here, as Rule 32(a)(2) allows a party to use a deposition "for any other purpose allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(2). *See Carpenter v. Forest Meadows Owners Ass'n*, No. 09-cv-01918-JLT, 2011 WL 3207778, at *5 & *5 n.2 (E.D. Cal. July 27, 2011) (stating that Fed. R. Civ. P. 32(a)(2) "provide[s] the pertinent authority" to admit deposition testimony where independent basis exists under Fed. R. Evid. 801(d)(2) for admissibility); *Stanphill v. Health Care Service Corp.*, No. Civ. 06-985, 2008 WL 3927468, at *3 (W.D. Okla. Aug. 20, 2008) (admitting deposition testimony of defendant's employees pursuant to Fed. R. Evid. 801(d)(2)(D) and stating that "under Fed.R.Civ.P. 32(a)(2), the deposition testimony would be admissible regardless of whether the deponents were available").

**Mr. Telle**

- Dep. Tr. 178:6-181:7 (Mr. Telle has no recollection discussing reason for adding proposed language to Section 1.7(b) with anyone from Bracewell, Chesapeake, Cravath or BNY Mellon);

- Dep. Tr. 222:17-25 (Mr. Telle had no conversations of any kind with anyone at Cravath or the underwriters about the language that Telle proposed prior to adding it to the redemption provisions);

- Dep. Tr. 237:16-237:21 (Mr. Telle does not recall speaking with Steve Burns about proposed changes to Section 1.7);

- Dep. Tr. 239:17-240:6 (Mr. Telle did not speak with Chesapeake, BNY Mellon or the underwriters about the proposed language in Section 1.7);

- Dep. Tr. 261:16-21 (Mr. Telle's understanding is that to redeem notes is typically understood to mean the repurchase of notes); and

- Dep. Tr. 273:17-20 (Mr. Telle does not recall discussing with anyone in February 2012 the interplay between section 1.7(b) and 1.7(c)).

These admissions are plainly relevant and, as set forth above, admissible. Further, in fairness given the extremely accelerated pace of this case, and the record adduced by the parties in an extraordinarily compressed time frame, it cannot seriously be argued that these small number of probative admissions are cumulative, prejudicial, or likely to cause any confusion. *See Yakobov*, 2001 WL 1312727, at *2; *Zaken*, 964 F.2d at 1323.

    **C.**    **Chesapeake's Request to Designate Portions of Expert Witness Dr. Tuckman's Deposition Should Be Denied**

By contrast, the Court should deny Chesapeake's request to introduce deposition testimony of BNY Mellon's expert witness, Dr. Bruce Tuckman, which is neither linked to BNY Mellon's requests addressed above nor predicated on the same authority. Chesapeake's only cited authority regarding Dr. Tuckman's deposition testimony – three decisions involving experts who were *not* presented at trial – is wholly inapplicable here. In two cases, the court admitted deposition testimony by experts who were unavailable to testify as trial – such unavailability, of

7

course, is an independent ground for admitting deposition testimony under Rule 32(a) not present here. In *Kreppel v. Guttman Breast Diagnostic Inst., Inc.*, 95 Civ. 10830 (SWK) (MHD), 1999 WL 1243891 (S.D.N.Y. Dec. 21, 1999), Magistrate Judge Dolinger permitted the plaintiff in a malpractice case to use the deposition of an expert designated by the defendant after a damaging deposition regarding the expert's examination of medical records. The expert had been discharged before trial and "reportedly ha[d] left the district." *Id.* at *1. In *Nichols v. American Risk Management*, 2000 WL 97282 (S.D.N.Y. Jan. 28, 2000), Magistrate Judge Peck permitted the plaintiff to use against a non-settling defendant the deposition of an expert retained by another defendant who had settled on the ground that the expert resided beyond the subpoena power of the court. *Id.* at *3 (explaining that Rule 32(a) allows admission of deposition testimony "if the witness is more than 100 miles from the place of the trial." *Id.* at 1).

Finally, in *Hydrolevel Corp. v. American Soc'y of Mech. Engineers, Inc.*, 635 F.2d 118, 128 (2d Cir. 1980), the party objecting to the admission of the deposition testimony apparently objected only because the trial court had not formally recognized the deponent as an expert, not on Rule 32 grounds. *Id.* ("The Bonner deposition was admitted for the limited purpose of indicating how the April 29 letter might be interpreted in the industry. Although the district court never certified Bonner as an expert, there is no doubt that Bonner, as a businessman, engineer, and potential ASME expert, was qualified to provide expert testimony.") The case contains no analysis relevant here.

Here, of course, Dr. Tuckman appeared at trial as an independent expert and was subject to an "extensive examination" by Chesapeake. There is no basis for permitting Chesapeake to introduce additional deposition testimony of an independent expert that could not

8

be the subject of a re-direct examination.[4] Where the expert witness is available, efforts like that of Chesapeake here have failed. *See Munich Reinsurance Am., Inc. v. American Nat. Ins. Co.*, 893 F. Supp. 2d 686, 711 n.19 (D.N.J. 2012) ("Several courts that have considered whether the deposition testimony of an expert employed by a party was an admission under Federal Rule of Evidence 801(d)(2) have concluded that '[s]ince an expert witness is not subject to the control of the party opponent with respect to consultation and testimony he or she is hired to give, the expert witness cannot be deemed an agent' whose testimony can be treated as an admission.") (citations omitted). Finally, Chesapeake failed to establish any foundation for its application – though not without some effort. In response to Chesapeake counsel's questioning concerning whether BNY Mellon "subscribes" to "the opinions you express in your report," Dr. Tuckman testified that he did not know "anything about what Bank of New York thinks. This is my report." (T. Tr. 392:9-10.)

---

[4] If Chesapeake had obtained testimony at trial from Dr. Tuckman concerning an interest rate option embedded in the 2019 Notes, BNY Mellon would have had the opportunity on re-direct to address, among other things, the fact that the 2019 Notes were priced at issuance on the basis of a right that would expire February 13, 2013; the purchasers of the 2019 Notes were not compensated for a right that would expire instead on March 15, 2013 and extend the par redemption to May 14, 2013. Put another way, Chesapeake is seeking in this action to obtain, without paying any compensation, a par redemption right extending to May 14, 2013 to replace the expired right.

**Conclusion**

For all the foregoing reasons, BNY Mellon respectfully requests that the Court issue an order granting its request to admit the deposition designations of Messrs. Chambers, Dell'Osso, and Telle into evidence, and deny Chesapeake's request to admit the deposition designations of Dr. Tuckman into evidence.

Dated:  New York, New York
           April 27, 2013

                                           Respectfully Submitted,

                                           SIDLEY AUSTIN LLP

                                           By:   /s/ Steven M. Bierman
                                                   Steven M. Bierman
                                                   sbierman@sidley.com
                                                   Benjamin R. Nagin
                                                   bnagin@sidley.com
                                                   Alex R. Rovira
                                                   arovira@sidley.com
                                                   787 Seventh Avenue
                                                   New York, New York 10019
                                                   Telephone:  (212) 839-5300
                                                   Facsimile: (212) 839-5999

                                           EMMET, MARVIN & MARTIN, LLP

                                           By:   /s/ Paul T. Weinstein
                                                  Paul T. Weinstein
                                                  pweinstein@emmetmarvin.com
                                                  Tyler J. Kandel
                                                  Mordecai Geisler
                                                  120 Broadway, 32nd Floor
                                                   New York, New York 10271
                                                  Telephone: (212) 238-3000
                                                  Facsimile: (212) 238-3100

DUVAL & STACHENFELD LLP

By: /s/ Allan N. Taffet
Allan N. Taffet
ataffet@dsllp.com
555 Madison Avenue, 6th Floor
New York, New York 10022
Telephone: (212) 883-1700
Facsimile: (212) 883-8883

*Attorneys for the Defendant The Bank of New York Mellon Trust Company, N.A.*

11