919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

JENNER&BLOCK LLP

February 19, 2015

Richard F. Ziegler
Partner
Tel  212 891-1680
Fax 212 909-0854
rziegler@jenner.com

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court for the
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re:   *Chesapeake Energy Corp. ("Chesapeake") v. The Bank of New York Mellon Tr. Co., N.A. ("BNYM")* **13-cv-1582-PAE**; *Pasculli et al. v. Chesapeake Energy Corp.*, **1:14-cv-10161 (PAE)**

Dear Judge Engelmayer:

On behalf of Chesapeake, I can report the parties are attempting to schedule a meeting prior to the February 24 status conference to discuss a resolution, in view of the Court's Order of yesterday.

In that connection, Chesapeake reached out to BNYM in January (even while the petition for rehearing was pending in the appellate court) to initiate a discussion of a consensual resolution that would place the redeemed note holders in the position they would have been in had the redemption never occurred. Chesapeake explained its willingness to fully compensate the redeemed note holders for the effect of the early par redemption by paying the present value of the difference between the coupon rate of the 2019 Notes for the balance of their term, on the one hand, and the lower return available to them from the reinvestment of the returned principal, on the other. That compensatory amount is also essentially the mirror image of the gain Chesapeake achieved from the early redemption, which enabled it to refinance the 2019 Notes at the then-available lower market interest rates. The trial record disclosed that Chesapeake's benefit was roughly $100 million. *See* Dkt. No. 100, Decl. of Domenic Dell'Osso ¶ 23.

BNYM declined to engage in any discussion, and instead filed the pending motion for imposition of the "Make Whole Price" as defined in the supplemental indenture. As the Court may recall, the "Make Whole Price" includes the present value of the remaining coupon interest applying an extremely low discount rate and disregards the note holders' actual ability to reinvest the funds in comparable securities at a much higher yield. The trial record disclosed that the "Make Whole Price" would award note holders roughly $400 million, *see* Dkt. No. 5, Decl. of Domenic Dell'Osso ¶ 3, far above Chesapeake's actual gain or the amount necessary to make the affected note holders actually whole, which are well-established measures for remedying the reversal of a district court judgment. *See, e.g.*, REST. (3D) OF RESTITUTION & UNJUST ENRICHMENT § 18 (2011).

Separately, in the *Pasculli* action, the parties have agreed to defer Chesapeake's time to move or answer until March 25, per the enclosed stipulation. Absent that extension, Chesapeake's time to respond is February 25. If the Court prefers to defer action on the enclosed stipulation until the February 24 status conference, we request that it not require Chesapeake's response to be filed as now set on February 25.

Respectfully Submitted,

Richard F. Ziegler

Judge Engelmayer
February 19, 2015
Page 2

Enclosure

cc:     All Counsel (By ECF)