```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHESAPEAKE ENERGY CORPORATION,                              :
                                                            :
                              Plaintiff,                    :   13 Civ. 1582 (PAE)
                                                            :
              -v-                                           :
                                                            :
THE BANK OF NEW YORK MELLON TRUST                           :
COMPANY, N.A.,                                              :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
                                                            :
ANTHONY PASCULLI, et al.                                    :
                                                            :
                              Plaintiffs,                   :   14 Civ. 10161 (PAE)
                                                            :
              -v-                                           :   ORDER
                                                            :
CHESAPEAKE ENERGY CORPORATION,                              :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/20/2015

PAUL A. ENGELMAYER, District Judge:

This Order is to be posted on the dockets of both above-cited cases.

The Court has received a proposed stipulation between the parties in *Pasculli v. Chesapeake Energy Corp.*, 14 Civ. 10161, extending the deadline for Chesapeake to move and answer from February 25, 2015 to March 25, 2015. The Court declines to grant such a lengthy extension. Following the conference to be held on February 24, 2015, in the related case of *Chesapeake Energy Corp. v. The Bank of New York Mellon Trust Co., N.A.*, 13 Civ. 1582, the Court will determine whether there is a basis for such an extension. The Court will, however, extend by one week the deadline for Chesapeake to move or answer in *Pasculli*, to March 4,

2015, so as to permit Chesapeake to defer work on that filing until after the February 24 conference.

Separately, the Court has received a letter dated February 19, 2015, from counsel for Chesapeake, which, unsolicited, reported to the Court the substance of a settlement offer that Chesapeake states it made to Bank of New York Mellon ("BNY"). The Court reminds counsel not to disclose the substance of settlement discussions to the Court. Particularly in a case which proceeded to trial without a jury, it is not appropriate for the Court to be privy to such settlement communications.

Counsel are further advised that, at the February 24, 2015 conference, the Court will be interested in counsel's views on the following two questions:

First, is there is any non-frivolous basis on which Chesapeake can argue that the redemption it made in May 2013, now that it has been held by the Second Circuit to have occurred outside the time period during which a Special Early Redemption was authorized, did not trigger the Make-Whole provision of the Supplemental Indenture? The Supplemental Indenture does not appear to envision any other type of redemption for which Chesapeake's redemption could qualify, given the Second Circuit's decision.[1]

Second, assuming that there is a substantial basis for disputing BNY's assertion that the 2019 noteholders are entitled to Make-Whole relief, what is the proper procedural vehicle in which to litigate that issue? BNY proposes to litigate that issue by seeking ancillary relief in the

---

[1] The Court reminds Chesapeake that, prior to setting a trial schedule in this case, it specifically alerted Chesapeake to the risk that has now materialized: that this Court would find Chesapeake's March 15, 2013 notice of a Special Early Redemption timely, that Chesapeake in reliance on that ruling would redeem the 2019 notes, and that the Second Circuit would reverse, thereby leading the 2019 noteholders to claim a right to immediate monetary relief either under, or as measured by, the Make-Whole provision. See 3/19/2013 Tr. at 52–59.

2

*Chesapeake* matter, 13 Civ. 1582; the noteholders' putative class action in *Pasculli*, 14 Civ. 10161, appears to raise the same claim.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: February 20, 2015
       New York, New York